# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **REX HURT,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| v. | )      Civil Action No. 5:22-00237 |
| | ) |
| **SOUTHERN REGIONAL JAIL,** | ) |
| | ) |
|     **Defendant.** | ) |

## O R D E R

On May 23, 2022, the Court filed what it construes as a letter-form Complaint claiming entitlement to relief pursuant to 42 U.S.C. § 1983. (Document No. 1.)

Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. To the extent Plaintiff names the Southern Regional Jail as a defendant, Plaintiff is **NOTIFIED** that a Section 1983 claims must be directed at a "person."[1] See Preval v. Reno, 203 F.3d 821 (4th Cir. 2000)(unpublished)(finding that the Piedmont Regional Jail is not a "person" under Section 1983); Roach v. Burch, 825 F.Supp. 116, 117 (N.D.W.Va. 1993)(stating that the West Virginia Regional Jail Authority is not a "person" under Section 1983); also see Will v.

---

[1] If Plaintiff is unaware of the names of the relevant individuals, a plaintiff should designate in the case caption each individual whose name is unknown as a John Doe or Jane Doe (e.g. Correctional Officer John Doe) and shall further identify each individual in the body of the Complaint by description, date/time of contact, alleged act, or in some other manner that assists the court in determining the identity and number of individual defendants in the action, as well as the specific reason that each individual defendant is included in the Complaint. Plaintiff is **NOTIFIED** that service of process cannot be effectuated on "John Doe" or "Jane Doe" defendants. If a defendant is not served, Plaintiff will not be able to prevail on his claim against that person. It is Plaintiff's responsibility, and not the duty of the Court, to ascertain the identities and addresses of those individuals whom Plaintiff believes caused his injury.

Michigan Dept. of State Police, 491 U.S. at 66, 109 S.Ct. at 2309(Suits against a state or state agencies for monetary damages are barred by the Eleventh Amendment to the United States Constitution); Webb v. Parsons, 2011 WL 2076419 (S.D.W.Va. May 6, 2011)(finding that the West Virginia Regional Jail Authority, an agency of the State of West Virginia, is immune from suit under the Eleventh Amendment); but also see Monell v. Dept. of Social Services, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)(Municipalities are "persons" subject to suit under Section 1983); Gilco v. Logan County Commission, 2012 WL 3580056, * 6 (S.D.W.Va. Aug. 17, 2012)(J. Copenhaver)("Municipalities, such as the County Commission, are 'persons' subject to suit under section 1983.")

Accordingly, if Plaintiff wishes to proceed with his Section 1983 claim, he should amend his Complaint to name "persons" as defendants and state specific facts as to how each defendant violated his constitutional rights. Plaintiff's Amended Complaint should identify each individual the Plaintiff seeks to name as a defendant. Plaintiff must also state what constitutional, statutory or common law rights he believes each defendant has violated and support each claim with specific factual allegations about each defendant's actions or omissions, and allege, with some degree of particularity, how each named defendant was involved in the alleged deprivation of his rights.

Plaintiff is hereby **NOTIFIED** that it will be insufficient for him to simply refer to his prior letter-form Complaint (Document No. 1), or additional documentation, or to incorporate the same by reference in the Amended Complaint. The Amended Complaint will supersede the letter-form Complaint (Document No. 1), and there must be **one integrated document** that will provide the defendants with notice of the claims and allegations against them.

Plaintiff is **NOTIFIED** that, pursuant to Rule 10 of the Federal Rules of Civil Procedure,

he should include a caption of the case with the names of the parties, and he should state his claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances" and each type of claim, if more than one, should be set out in a separate count, to promote clarity.[2] Fed. R. Civ. P. 10.

Plaintiff is **NOTIFIED** that the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996), requires that inmates exhaust available administrative remedies *prior* to filing civil actions though the administrative process may not afford them the relief they might obtain through civil proceedings.[3] Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382-83, 165 L.Ed.2d 368 (2006); Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)(The Prison Litigation Reform Act's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong.); Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 1820,149 L.Ed.2d 958 (2001)("Under 42 U.S.C. § 1997e(a), an inmate seeking only money damages must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the process does not make specific provision for monetary relief."). Exhaustion of administrative remedies is also required when injunctive relief is requested. Goist v. U.S. Bureau of Prisons, 2002 WL 32079467, *4, fn.1 (D.S.C. Sep 25, 2002), *aff'd*, 54 Fed.Appx. 159 (4th Cir. 2003), *cert. denied*, 538 U.S. 1047, 123 S.Ct. 2111, 155 L.Ed.2d 1088 (2003). "[A] court may not excuse a failure to exhaust" because the PLRA's mandatory exhaustion scheme "foreclose[es] judicial discretion." Ross v. Blake, ___

---

[2] In the "Statement of Claim" section of the form Complaint, plaintiffs are advised to set forth each claim in a separate paragraph and to attach extra sheets if necessary.

[3] 42 U.S.C. § 1997e(a) provides as follows:
    No action shall be brought with respect to prison conditions under section 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted.

3

U.S. ___, 136 S.Ct. 1850, 1856-57, 195 L.Ed.2d 117 (2016)("[A] court may not excuse a failure to exhaust, even to take [special circumstances] into account."). To the extent there is no response to an administrative remedy within the requisite time period, an inmate should consider such as a denial and proceed to the next level in the administrative remedy process. Plaintiff is **NOTIFIED** that if he wishes to fully exhaust his administrative remedies prior to seeking relief, he should voluntarily dismiss this action and initiate a new action upon completion of the administrative remedy process.

Finally, the record indicates that Plaintiff has neither paid the filing and administrative fee nor submitted an Application to Proceed *in Forma Pauperis* or Without Prepayment of Fees. Plaintiff must pay the Court's filing fee ($350) and administrative fee ($52) totaling $402 or obtain approval to proceed *in forma pauperis* or without prepayment of fees. Title 28 U.S.C. § 1915 provides as follows:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

If Plaintiff obtains approval to proceed *in forma pauperis* or without prepayment of fees, Plaintiff will be required to pay the full amount of the filing fee of $350.00 by payments sent to the Clerk of the Court by the prison where Plaintiff is incarcerated. 28 U.S.C. § 1915(b)(1).

Accordingly, it is hereby **ORDERED** that Plaintiff shall either pay the filing and administrative fee totaling $402 or file an Application to Proceed Without Prepayment of Fees or Costs by **June 27, 2022**. It is further **ORDERED** that Plaintiff has until **June 27, 2022**, to amend

his Complaint to specifically set forth his constitutional claims and state specific facts as to how each defendant violated his constitutional rights. Failure of the Plaintiff to (1) amend his Complaint, and (2) either pay the filing and administrative fee or file an Application to Proceed Without Prepayment of Fees and Costs by **June 27, 2022**, will result in a recommendation of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure[4] and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia[5].

The Clerk is directed to mail to a copy of this Order, a form Complaint, and a blank Application to Proceed Without Prepayment of Fees or Costs.

ENTER: May 25, 2022.



Omar J. Aboulhosn
United States Magistrate Judge

---

[4] Rule 41(b) of the Federal Rules of Civil Procedure provides:
> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

[5] Rule 41.1 of the Local Rules provides:
> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.