# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### AT BECKLEY

REX HURT,

    Plaintiff,

v.                                          CIVIL ACTION NO. 5:22-cv-00237

SOUTHERN REGIONAL JAIL,

    Defendant.

## **ORDER**

On May 23, 2022, Plaintiff Rex Hurt, acting *pro se*, filed a letter-form Complaint seeking relief for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983. [Doc. 1]. This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). On May 25, 2022, Magistrate Judge Aboulhosn entered an Order directing Mr. Hurt to amend his Complaint to name "persons" as defendants and state specific facts as to how each defendant violated his constitutional rights. [Doc. 3]. Magistrate Judge Aboulhosn further notified Mr. Hurt that if he wished to proceed with his claims, he must either pay the Court's filing fee ($350) and administrative fee ($52) or file an Application to Proceed Without Prepayment of Fees. [*Id.*]. Finally, Magistrate Judge Aboulhosn advised Mr. Hurt that failure to comply with the aforementioned requirements by June 27, 2022, "will result in a recommendation of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia." [*Id.*].

As yet, Mr. Hurt has not filed an amended complaint, paid the requisite fees or filed an Application to Proceed Without Prepayment of Fees, nor responded to the May 25, 2022, Order.

Accordingly, Magistrate Judge Aboulhosn filed his PF&R on August 26, 2024, recommending that the Court dismiss this action without prejudice for failure to prosecute and remove the matter from the Court's docket. [Doc. 4].

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on September 12, 2024. No objections were filed.[1]

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 4**], and **DISMISSES** the matter.

---

[1] The Court notes that the PF&R was served on Mr. Hurt by mail and initially returned as undeliverable. The PF&R was then re-mailed to the address listed for Mr. Hurt in the West Virginia Department of Corrections and Rehabilitation Offender Search database. [Doc. 5]. "A party who represents himself or herself shall file with the clerk his or her complete name and address where pleadings, notices, orders, and other papers may be served on him or her . . . . A pro se party must advise the clerk promptly of any changes in . . . address . . . ." S.D. W. Va. LR Civ P 83.5.

3

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

                ENTER:     September 27, 2024



Frank W. Volk
Chief United States District Judge